UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| T&C LEASING, INC., <br> d/b/a TEAM FUNDING SOLUTIONS, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS R. BANKS; BANKS, BANKS & <br> LIGHT, formerly d/b/a BANKS & BANKS <br> and formerly d/b/a BANKS, BANKS & <br> BANKS; JOHN BANKS; JASON S. LIGHT; <br> WILSON & ASSOCIATES, PLLC; and <br> MK CONSULTANTS, INC.; <br><br> Defendants. | No.: 2:21-CV-100-KAC-CRW |

## ORDER

This civil case is before the Court on periodic review. Defendant Wilson & Associates, LLC previously filed a "Motion to Dismiss" Plaintiff's First Amended Complaint [Doc. 25]. Thereafter, Plaintiff filed a Second Amended Complaint with Defendants' written consent [*See* Docs. 42, 43]. As such, Plaintiff's Second Amended Complaint [Doc. 43] is the operative complaint, and Defendant Wilson & Associates' "Motion to Dismiss" Plaintiff's First Amended Complaint [Doc. 25] is moot. Accordingly, the Court **DENIES** Defendant Wilson & Associates' Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 25] as **MOOT**.

Additionally, this Court has an independent obligation to ensure that it has jurisdiction to hear this case. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990) ("[C]ourts have a positive duty to undertake the jurisdictional inquiry."); *see also Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." (citation omitted)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). When discharging its independent obligation, a "Court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

Plaintiff's Second Amended Complaint asserts that the Court "has jurisdiction . . . pursuant to 28 U.S. Code § 1332(a)," commonly referred to as diversity jurisdiction [*See* Doc. 43 at 2]. Diversity jurisdiction generally requires complete diversity of citizenship. *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994). "[T]he current jurisdictional allegations" in Plaintiff's Second Amended Complaint, however, "are fatally incomplete, leaving [the Court] uncertain that diversity jurisdiction exists" because Plaintiff has not properly identified the citizenship of Defendant Wilson and Associates, LLC [*see id.*]. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 357 (6th Cir. 2010). "The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." *Delay v. Rosentahl Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-92 (1990)). But Plaintiff has pled Defendant Wilson and Associates, LLC's principal place of business—the wrong test for citizenship of a limited liability company [*See* Doc. 43 at 2].

Accordingly, Plaintiff is hereby **ORDERED** to file a response to this Order on or before **April 1, 2022**, with facts sufficient to show that this Court has jurisdiction over the case. In

2

Case 2:21-cv-00100-KAC-CRW   Document 45   Filed 03/25/22   Page 2 of 3   PageID #: 360

its response, Plaintiff **SHALL** identify each partner and member of Defendant Wilson and Associates, LLC and the citizenship of each.

    IT IS SO ORDERED.

s/ Katherine A. Crytzer<br>
KATHERINE A. CRYTZER<br>
United States District Judge

3

Case 2:21-cv-00100-KAC-CRW   Document 45   Filed 03/25/22   Page 3 of 3   PageID #: 361